UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

In re:

RAYMOND W. STOICK,   Case No.   04-32422
                     Chapter 13
                     Hon. Walter Shapero

    Debtor.
_____/

OPINION DENYING MOTION FOR RELIEF FROM THE AUTOMATIC STAY

      Before the Court is a Motion for Relief from the Automatic Stay brought by Creditor, DaimlerChrysler Financial Services Americas LLC. Creditor contends that Debtor's failure to make the plan payments required under his confirmed Chapter 13 plan and to obtain an order from the Court excusing such missed payments establish "cause" for its motion to be granted. Debtor opposes Creditor's motion. Debtor admits that he defaulted on his plan payments but contends that he later "cured the deficiency in the first plan" by filing a post-confirmation "plan modification #1," which by its terms lengthened the plan from three years to five years and provided for payments to be made to the Chapter 13 Trustee on a monthly basis instead of weekly. Debtor contends that Creditor was served with his proposed plan modification, had the opportunity to oppose that cure proposal and failed to do so, and is now bound by the terms of his confirmed modified plan. The Court heard oral argument on the motion and having considered the parties' briefs finds that Creditor has not shown the required "cause."

      The Court's confirmation of Debtor's plan modification had the effect of curing or dealing with the matter of Debtor's default in payments under his original confirmed chapter 13 plan. Under Debtor's modified plan any missed payments by Debtor were not "wiped out" rather their payment was merely reallocated and to be paid over the life of his modified plan. Therefore, Creditor's claim would be fully paid upon the completion of Debtor's modified plan. *See In re Nichols*, 440 F.3d 850, 857 (6th Cir. 2006) (recognizing that modification of a confirmed plan is an option a debtor may use to cure a post-confirmation default).

      The arguments raised by Creditor subsequent to the Court's confirmation of

Debtor's "plan modification #1" are untimely. For some reason, Creditor is under the impression that Debtor filed an "Amended Plan," but somehow did not propose to modify his plan post-confirmation, and thus remains bound by the terms of his original chapter 13 plan (default under which, without the later modification, might constitute cause to lift the stay). Creditor is incorrect. Debtor filed his proposed "plan modification #1" on May 12, 2005. It is undisputed that Creditor was served with Debtor's "plan modification #1" and did not file objections. A confirmation hearing on the modification was held on August 12, 2005, the Trustee's objections (the only ones filed) were resolved, and the Court confirmed Debtor's "plan modification #1." Creditor could and should have timely raised any and all issues, including whether or not the defaults were properly cured or curable by the proposed modification (the issue currently before the Court), by filing an objection to the confirmation of Debtor's modified plan. Having failed to do so, the Creditor is precluded from obtaining the relief it now seeks. *See In re Wellman*, 322 B.R. 298, 301 (B.A.P. 6th Cir. 2004) (holding that confirmation of a plan is res judicata as to any issue that could have been raised and decided prior to confirmation hearing).

**Entered: July 31, 2006**

                                                            **/s/ Walter Shapero**
                                                            **Walter Shapero**
                                                            **United States Bankruptcy Judge**